By the Court, Cowen, J.
The common pleas were clearly correct. The case of Sills v. Brown, (9 Carr. & Payne, 601,) on the authority of ivhich it is said, they acted, is very much in point. It is said to be but a nisi prius decision. That certainly takes from its force as a mere authority; but the case is entirely in accordance with the settled principle of evidence that, witnesses cannot be received to give their opinions on the testi/mony of others, except in matters lying peculiarly, within the knowledge' of experts. Clearly this is not so as to the expense of raising and repairing a canal boat. (See also The People v. Rector, 19 Wend. 573, 576.) The principle of the decision in Norman v. Wells, (17 Wend. 136, 161,) is more directly applicable; , True; the witnesses who were allowed in that case -to give their opinions as to the amount of damages,. were not claimed to be experts; but the general ground was taken that, on this head, witnesses are to-give particulars, on which the jury are to. compute the allowance. Surely nothing-is more easy than to show the bill of expense in raising and repairing a *605 canal boat, if the injured party will take the least pains. No pretence exists for the necessity which authorizes a resort to opinion. But the argument in the case last cited goes to the point that even where the damage is incapable of computation, the party shall be confined in evidence to such particulars as may be in his power,' the amount to lie fixed by the jury.
Judgment affirmed.